**Carl GREENBERG and Quality Pres. Assoc., Ltd., Plaintiff,**

v.

**MOVING PICTURE MACHINE OPERATORS UNION LOCAL 306, et al., Defendants.**

**No. M 52.**

United States District Court, S.D. New York.

Aug. 30, 1984.

## ORDER

KRAM, District Judge.

Plaintiff has applied pursuant to 29 U.S.C. § 501(c) for leave to file a complaint alleging violations of 29 U.S.C. § 501(c). Plaintiff's burden at this stage is to make a good cause showing that certain of the individual defendants ("the defendants") breached their fiduciary duties to the Motion Picture Machine Operators Union Local 306 ("Local 306"), of which they are officers, in violation of 29 U.S.C. § 501(a).

Plaintiff alleges that the defendants breached their fiduciary duty to Local 306 by issuing a written communication on May 11, 1984 (the "May 11 letter"), ostensibly in their capacity as officers of the Union, to various theatre owners and operators in New York City, clarifying the work jurisdiction of Union members and advising the theatre owners and operators not to trespass upon that jurisdiction by using non-Union labor for Union work. The May 11 letter also states that "If theatre management and/or distributors wish to continue the practice (of making various inspections and adjustments to projection and sound equipment using non-Union labor), there are ways to do so without violating our contract or creating hassles with the projection crews." The appropriate "ways to do so" referred to in the May 11 letter are spelled out clearly in the Collective Bargaining Agreement between Local 306 and the theatre owners and operators.

There appears to be another dispute *sub rosa* this lawsuit. That dispute has to do primarily with the fact that plaintiff, a member of Local 306, also operates a business as a free-lance projection equipment engineer, in a non-Union capacity. In that business, he performs adjustments on projection equipment in precisely the situation referred to in the May 11 letter. Plaintiff apparently believes that the May 11 letter was intended to create difficulties for him in his non-Union work, and that the true motivation of the individual defendants in attempting to create this result was to promote their own non-Union projection engineer activities.

The facts fail to support plaintiff's allegations. The communication simply requires the theatre owners and operators to adhere to their contract. It in no way operates as a breach of the fiduciary duty owed by the individual defendants to Local 306. Plaintiff's allegations that defendants' real motivation was to promote their non-Union businesses and harm him is utterly unsupported by any facts.

The requirement of a good cause showing has been interpreted to mean a demonstration of reasonable likelihood of success. It is my finding that the fact that the defendants issued the May 11 letter was not a breach of their fiduciary duty to Local 306, that there is no evidence save the naked allegations of plaintiff that defendants had any secret agenda in issuing the May 11 letter, and that therefore plaintiff has failed as a matter of law to make a good cause showing that a violation of 29 U.S.C. § 501(a) occurred. *Dinko v. Wall*, 531 F.2d 68 (2d Cir.1976), *on remand* 421 F.Supp. 207 (1976), *aff'd* 559 F.2d 1202 (2d Cir.1977).

Therefore, plaintiff's application for leave to proceed is DENIED, and any allegations of a breach of 29 U.S.C. § 501(a) must be stricken from the Complaint prior to filing.

SO ORDERED.